Church, Ch. J.
This action is brought to recover pilotage on the brig Sarah E. Kennedy, upon the ground that the plaintiff was the first pilot offering his services, although the brig took another pilot, and paid pilotage to him. The right to recover depends upon the proper construction of the latter part of section 29 of chapter 243 of the Laws of 1857, which reads as follows : “All vessels sailing under register, bound to or from the port of New York, by way of Sandy Hook, shall take a licensed pilot; or, in case of refusal to take such pilot, the master shall himself, or the owner or consignee, shall pay the said pilotage as if one had been employed, and such pilotage shall be paid to the pilot first speaking or offering his services as pilot to such vessel.”
The fundamental rule for the construction of statutes is, to give effect to the language, if that is clear and unambiguous; and, when the language is only capable of one definite and intelligible construction, it is not allowable to speculate upon the supposed intent for the purpose of giving it a different meaning. It seems to me that this statute must be construed by this rule, as will appear by an analysis of its provisions. 1st. It requires certain vessels to take a licensed pilot. 2d. For not taking a licensed pilot the master, owner or consignee is liable to pay pilotage the same, “ as if one had been employed.” 3d. Such pilotage shall be paid to the pilot first speaking, etc.
The penalty or liability is imposed for not taking any pilot. It is only when no pilot is taken that pilotage must be paid as if one had been employed, and in that case only : that is, when no pilot is taken, the pilotage must be paid to the pilot first speaking.
There is no provision requiring a vessel to take the first pilot, or to pay pilotage to him if he is not taken. If the pilotage, in case of refusal or neglect to take any pilot, had been payable to the commissioners of pilots, no question could *452 have been raised, but the condition of liability is not affected by requiring it to be paid to the first pilot speaking. Ho other construction can properly be given to the language of this act, and we have no alternative but to give it effect.
In Cisco v. Roberts (36 N. Y., 292), a regulation of the commissioners of pilots was proved, authorized by chapter 467 of the Laws of 1853, of which the act of 1857 was an amendment, requiring vessels to take the first pilot offering his services west of a line therein specified, prescribing the pilot-age ground. This regulation does not now exist, and it has probably been abrogated since the amendment of 1857 was passed. That amendment having been passed presumably with a knowledge of the regulation, the change must be deemed to have been intended. The requirement of the regulation to take the first pilot was within a certain line, while the construction of the statute claimed by the plaintiff makes it obligatory to take the first pilot at any distance beyond. The fees are increased one-quarter if the pilot boards a vessel beyond a point where the Sandy Hook lighthouse can be seen from the deck in the daytime and in fair weather; and it might have been deemed unjust to compel a vessel to take a pilot beyond that point, and incur the additional charges when unnecessary. , It is urged that this construction should prevail to encourage pilots to board vessels as far out as possible. The right of recovery by the first pilot, in case of refusal to take any pilot, together with the chance of being employed, is an inducement to be vigilant, and it may have been deemed proper to give the vessel some discretion in the selection of pilots, as well as the place where one should be taken.
I am unable to see that the provisions of the act are unwise or unjust. If it was designed to compel a vessel to take the first pilot, the legislature would have said so. Courts have no right to change the plain terms of a statute.
The judgment must be reversed.
All concur; except Andrews, J., not voting.
Judgment reversed.
*453 On a motion subsequently made for reargument, the following opinion was delivered:
Church, Ch. J.
I have re-examined this case upon a motion for a reargument, and such examination has confirmed the decision before rendered. It is alleged in an affidavit that the regulation of the commissioners, which appeared in the ease of Cisco v. Roberts (36 N. Y., 292), was not adopted until after the act of 1857, amending the act of 1853, was passed, and that such regulation is still in existence. It was stated upon the original argument, and not denied, that this regulation had been rescinded and hence it was so assumed in the opinion and the inference suggested that it was rescinded after the passage of the act of 1857; but whether this was so or not is not of the slightest importance to the decision of the case. It is sufficient that the regulation was not proved at the trial, .and does not appear in the appeal papers upon which alone we can determine the case. If it had appeared the result would be the same, as there was no evidence that the vessel was spoken inside of the line prescribed by the regulation, which is indispensable to impose the obligation to take the first pilot offering his services.
It is proper to say that the defendant has produced an affidavit strongly tending to establish that the regulation is not now in existence, and has furnished a copy of the rules and by-laws of the commissioners, published in 1874, in which it does not appear. The affidavit also states that it appeared on the trial that the vessel was in fact spoken a considerable distance outside of the prescribed line.
We cannot, of course, consider any of these facts, nor regard any papers which do not appear in the return on file. The case was tried below and the claim predicated exclusively upon the twenty-ninth section of the act of 1857, and the construction of that statute was the only question considered by the General Term.
We think it clear, from the language of that section, that the liability of an inward bound vessel to pay pilotage is not imposed for not taking the first pilot offering his services, but *454 for not taking any pilot, and that the language is too explicit to justify a court in groping after rules of construction to. ascertain what was really intended. If the statute is not right it can only be remedied by the legislature.
The motion must be denied.
All concur.
Motion denied.